**Form 210A (10/06)**                                     **United States Bankruptcy Court**

Northern District of NY (Albany)

In Re: JANEENE STROTHER                          Case No: 10-14167
    DONALD STROTHER

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE, or deemed filed under 11 U.S.C. § 1111 (a). Transferee hereby gives evidence and notice
pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in the evidence and notice.

Midland Funding LLC                               GE Money Bank/GE Capital Retail Bank

---------------------------                       ---------------------------

Name of Transferee                                Name of Transferor


Name and Address where notices to transferee      Court Claim # (if known): 16
should be sent:                                   Amount of Claim: $444.59
Midland Funding LLC                               Date Claim Filed: 3/17/2011
By its authorized agent Recoser, LLC
25 SE 2nd Ave, Suite 1120
Miami FL 33131-1605


Phone: (305) 379-7674                             Phone: (305) 379-7674
Last Four Digits of Acct # :5514                  Last Four Digits of Acct # :5514

Name and Address where transferee payments
Should be sent (if different from above)


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of knowledge and belief.




By: /s/ Ramesh Singh                              Date: January 16, 2013
    -------------------------------------
    Ramesh Singh
    25 SE 2nd Ave, Suite 1120
    Miami FL 33131-1605
    claims-recoser@recoverycorp.com
    Transferee/Transferee's Agent



*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

## EXHIBIT A

### BILL of SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of this 20th day of December, 2011 by and between General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending, Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C., and GEM Holding, L.L.C. (collectively "Seller") and Capital Recovery, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on each Transfer Date, and as further described in the Agreement.

GE Capital Retail Bank

By: _____

Title: _____

General Electric Capital Corporation

By: _____

Title: _____

GEMB Lending, Inc.

By: _____

Title: _____

Monogram Credit Services, L.L.C.

By: _____

Title: _____

RFS Holding, L.L.C

By: _____

Title: _____

GEM Holding, L.L.C

27

EXHIBIT A

BILL of SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of this 20th day of December, 2011 by and between General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending, Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C., and GEM Holding, L.L.C. (collectively "Seller") and Capital Recovery, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on each Transfer Date, and as further described in the Agreement.

GE Capital Retail Bank

By: _____

Title: _____

General Electric Capital Corporation

By: _____

Title: _VICE PRESIDENT_____

GEMB Lending, Inc.

By: _____

Title: _____

Monogram Credit Services, L.L.C.

By: _____

Title: _____

RFS Holding, L.L.C

By: _____

Title: _____

GEM Holding, L.L.C

27

## EXHIBIT A

## BILL of SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of this 20th day of December, 2011 by and between General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending, Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C., and GEM Holding, L.L.C. (collectively "Seller") and Capital Recovery, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on each Transfer Date, and as further described in the Agreement.

GE Capital Retail Bank

By: _____

Title: _____

General Electric Capital Corporation

By: _____

Title: _____

GEMB Lending, Inc.

By: _Shph   Mutt_

Title: _V, P,_

Monogram Credit Services, L.L.C.

By: _____

Title: _____

RFS Holding, L.L.C

By: _____

Title: _____

GEM Holding, L.L.C

27

2011 Ath ATR

## EXHIBIT A

## BILL of SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of this 20th day of December, 2011 by and between General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending, Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C., and GEM Holding, L.L.C. (collectively "Seller") and Capital Recovery, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on each Transfer Date, and as further described in the Agreement.

GE Capital Retail Bank

By:    _____

Title:    _____

General Electric Capital Corporation

By:    _____

Title:    _____

GEMB Lending, Inc.

By:    _____

Title:_____

Monogram Credit Services, L.L.C.

By:    _____

Title:_____

RFS Holding, L.L.C

By:    _____
       VISHAL GULATI

Title:_____
       CFO

27

2011 of me off

GEM Holding, L.L.C.

By: _____

Title: _____

Charter No. 7610
Docket No. 01544

**Office of Thrift Supervision**

**GE Capital Retail Bank Charter**

**Section 1.**   **Corporate title.**  The full corporate title of the savings bank is GE Capital Retail Bank.

**Section 2.**   **Office.**  The home office shall be located in Draper, Utah.

**Section 3.**   **Duration.**  The duration of the savings bank is perpetual.

**Section 4.**   **Purpose and Powers.**  The purpose of the savings bank is to pursue any or all of the lawful objectives of a Federal savings bank chartered under section 5 of the Home Owners' Loan Act and to exercise all of the express, implied and incidental powers conferred thereby and by all acts amendatory thereof and supplemental thereto, subject to the Constitution and laws of the United States as they are now in effect, or as they may hereafter be amended, and subject to all lawful and applicable rules, regulations, and orders of the Office of Thrift Supervision ("Office").

**Section 5.**   **Capital Stock.**  The total number of shares of all classes of the capital stock that the savings bank has the authority to issue is 100,000, all of which shall be common stock of par value of $10.00 per share.  The shares may be issued from time to time as authorized by the board of directors without the approval of its shareholders, except as otherwise provided in this Section 5 or to the extent that such approval is required by governing law, rule, or regulation.  The consideration for the issuance of the shares shall be paid in full before their issuance and shall not be less than the par value.  Neither promissory notes nor future services shall constitute payment or part payment for the issuance of shares of the savings bank.  The consideration for the shares shall be cash, tangible or intangible property (to the extent direct investment in such property would be permitted to the savings bank), labor, or services actually performed for the savings bank, or any combination of the foregoing.  In the absence of actual fraud in the transaction, the value of such property, labor, or services, as determined by the board of directors of the savings bank, shall be conclusive.  Upon payment of such consideration, such shares shall be deemed to be fully paid and nonassessable.  In the case of a stock dividend, that part of the retained earnings of the savings bank that is transferred to common stock or paid-in capital accounts upon the issuance of shares as a stock dividend shall be deemed to be the consideration for their issuance.

Except for shares issued in the initial organization of the savings bank or in connection with the conversion of the savings bank from the mutual to stock form of capitalization, no shares of capital stock (including shares issuable upon conversion, exchange, or exercise of other securities) shall be issued, directly or indirectly, to officers, directors, or controlling persons of the savings bank other than as part of a general public offering or as qualifying shares to a director, unless the issuance or the plan under which they would be issued has been approved by a majority of the total votes eligible to be cast at a legal meeting.

The holders of the common stock shall exclusively possess all voting power. Each holder of shares of common stock shall be entitled to one vote for each share held by such holder, except as to the cumulation of votes for the election of directors, unless the charter provides that there shall be no such cumulative voting. Subject to any provision for a liquidation account, in the event of any liquidation, dissolution, or winding up of the savings bank, the holders of the common stock shall be entitled, after payment or provision for payment of all debts and liabilities of the savings bank, to receive the remaining assets of the savings bank available for distribution, in cash or in kind. Each share of common stock shall have the same relative rights as and be identical in all respects with all the other shares of common stock.

**Section 6.    Preemptive rights.** Holders of the capital stock of the savings bank shall not be entitled to preemptive rights with respect to any shares of the savings bank which may be issued.

**Section 7.    Directors.** The savings bank shall be under the direction of a board of directors. The authorized number of directors, as stated in the savings bank's bylaws, shall not be fewer than five nor more than fifteen except when a greater or lesser number is approved by the Director of the Office, or his or her delegate.

**Section 8.    Amendment of charter.** Except as provided in Section 5, no amendment, addition, alteration, change or repeal of this charter shall be made, unless such is proposed by the board of directors of the savings bank, approved by the shareholders by a majority of the votes eligible to be cast at a legal meeting, unless a higher vote is otherwise required, and approved or preapproved by the Office.

Attest: _____
Secretary of the Savings Bank

By: _____
President or Chief Executive Officer of the Savings Bank

Attest: _____
~~Secretary of the Office of the Comptroller of the Currency~~
Deputy Comptroller for Licensing

By: _____
~~Director of the Office of the~~ Comptroller of the Currency

Effective Date: October 1, 2011

2



Comptroller of the Currency
Administrator of National Banks and Federal Thrifts

Northeastern District Office
340 Madison Avenue, 5th Floor
New York, New York 10173-0002

Licensing Division
Telephone No.: (212) 790-4055
Fax No.: (301) 333-7015

September 12, 2011

Mr. Kurt R. Grossheim
President and Chief Executive Officer
GE Money Bank
170 West Election Road, Suite 125
Draper, Utah 84020

      Re: Docket No.: 15044

Dear Mr. Grossheim:

This concerns the August 26, 2011 letter (as supplemented) regarding amendments to the charter and bylaws of GE Money Bank (the Bank), Draper, Utah to reflect a change in its corporate title to GE Capital Retail Bank. The Bank's board of directors approved the amendments on August 25, 2011. We understand that in lieu of a formal meeting the Bank's sole stockholder, GE Consumer Finance, Inc. approved and adopted the charter amendment on August 25, 2011. By letter dated June 8, 2011, the Office of Thrift Supervision approved the corporate title change.

Pursuant to 12 C.F.R. §§ 152.4(b)(1) and 152.5(b)(1)(iii), the charter and bylaw amendments are effective upon adoption provided the Bank followed all applicable legal, charter and bylaw procedures. We understand that the Bank plans to implement the charter and bylaw amendments on October 1, 2011.

If you have any questions concerning this matter, please contact Meisha M. Bootman, Licensing Specialist, at (212) 790-4055 or by e-mail at meisha.bootman@occ.treas.gov.

Sincerely,

Steven Maggio
Director for District Licensing

cc: Paul W. Werner, GE Money Bank
    Vance S. Price, Office of the Comptroller of the Currency

## BILL OF SALE
## AND
## WAIVER OF NOTICE OF TRANSFER OF CLAIMS

CAPITAL RECOVERY, LLC ("Seller") without recourse, assigns and delivers to Equable Ascent Financial, LLC ("Buyer") for and in consideration of the sum of _____ and other good and valuable consideration, all right, title and interest in and to (i) certain unsecured consumer line of credit accounts and consumer credit card accounts (the "Accounts") which are described on computer files furnished by Seller to Buyer, (ii) all judgments or awards obtained in connection with the Accounts, (iii) all causes of action, arising under, from, on or in connection with the Accounts against all individual holders of the Accounts and any other person or entity with interest therein, and (iv) all proceeds of such Accounts received on or after the date the applicable computer file is created for delivery to Buyer.

Pursuant to the foregoing assignment, Seller stipulates that Buyer may be substituted for Seller as the valid owner of the Accounts and hereby waives any notice and hearing requirements imposed by, or right to object pursuant to, Bankruptcy Rule 3001 (e) (2) or otherwise. Seller further consents to the attachment of a copy of the Bill Of Sale And Waiver Of Notice Of Transfer Of Claim filed by Buyer pursuant to said rule. A copy of this document shall have the same force and effect as the original.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 29th day of December, 2011.

CAPITAL RECOVERY, LLC

By:_____
   Ramesh Singh
   Chief Financial Officer

## EXHIBIT C

## ASSIGNMENT OF ACCOUNTS
## AND WAIVER OF NOTICE OF TRANSFER OF CLAIMS

Equable Ascent Financial, LLC (the "Seller"), for value received, without recourse, assigns, sells and delivers to Granite Recovery, LLC (the "Buyer") all of Seller's right, title and interest in and to (i) certain unsecured consumer line of credit accounts and consumer credit card accounts (the "Accounts") which are described on certain computer files made a part of that certain Purchase Agreement dated May 23, 2012, (ii) any judgments or awards obtained in connection with the Accounts, and (iii) all proceeds of such Accounts received on or after April 1, 2012.

Pursuant to the foregoing assignment, Seller stipulates that Buyer may be substituted for Seller as the valid owner of the Accounts and hereby waives any notice and hearing requirements imposed by, or right to object pursuant to, Bankruptcy Rule 3001 (e) (2) or otherwise. Seller further consents to the attachment of a copy of this Assignment to a Notice of Transfer of Claim filed by Buyer pursuant to said rule. A copy of this document shall have the same force and effect as the original.

Each of the obligations of the Seller required to be performed by the Seller on or prior to the date hereof pursuant to the terms of the Purchase Agreement dated as of May 23, 2011 between the Seller and the Buyer (the "Agreement") has been duly performed and all representations and warranties of the Seller made under the Agreement are true and correct as of the date hereof. This Assignment is subject to the terms of the Agreement without representations and warranties of any kind or character except as set forth therein.

Dated: _____ May 23 _____, 2012

**Equable Ascent Financial, LLC**

By: _____

Name: JOHN B PRIEST

Title: CEO

## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS
## AND WAIVER OF NOTICE OF TRANSFER OF CLAIMS

Granite Recovery, LLC ("**Seller**"), for value received, without recourse, assigns, sells and delivers to Midland Funding LLC ("**Buyer**") all right, title and interest in and to (i) certain accounts (the "**Accounts**") which are described in those certain electronic files named RMSC Inventory 12-6-2012 Encore File 1.txt, RMSC Inventory 12-6-2012 Encore File 2.txt, RMSC Inventory 12-6-2012 Encore File 3.txt, RMSC Inventory 12-6-2012 Encore File 4.txt, RMSC Inventory 12-6-2012 Encore File 5 (part 1).txt, RMSC Inventory 12-6-2012 Encore File 5 (part 2).txt, each dated December 6, 2012, pursuant to the terms of that certain Purchase and Sale Agreement dated as of December 13, 2012, by and among various parties, including Seller and Buyer, (ii) all judgments or awards obtained in connection with the Accounts, (iii) all causes of action, arising under, from, on or in connection with the Accounts against all individual holders of the Accounts and any other person or entity with any interest therein, and (iv) all proceeds of such Accounts received on or after the date the applicable computer file is created for delivery to Buyer.

Pursuant to the foregoing assignment, Seller stipulates that Buyer may be substituted for Seller as the valid owner of the Accounts and hereby waives any notice and hearing requirements imposed by, or right to object pursuant to, Bankruptcy Rule 3001 (e) (2) or otherwise. Seller further consents to the attachment of a copy of this Assignment to a Notice of Transfer of Claim filed by Buyer pursuant to said rule. A copy of this document shall have the same force and effect as the original.

Dated: December 13, 2012

Granite Recovery, LLC

By:  Granite Recovery MM, LLC, Managing Member

By: _____

Name:   _RAMESH SINGH_

Title:   _MANAGER_

Granite Recovery, LLC

## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS
## AND WAIVER OF NOTICE OF TRANSFER OF CLAIMS

Granite Recovery, LLC ("**Seller**"), for value received, without recourse, assigns, sells and delivers to Midland Funding LLC ("**Buyer**") all right, title and interest in and to (i) certain accounts (the "**Accounts**") which are described in those certain electronic files named RMSC Inventory 12-6-2012 Encore File 1 – Second.txt; RMSC Inventory 12-6-2012 Encore File 2 – Second.txt; RMSC Inventory 12-6-2012 Encore File 3 – Second.txt; RMSC Inventory 12-6-2012 Encore File 4 – Second.txt; and RMSC Inventory 12-6-2012 Encore File 5 – Second.txt, each dated December 6, 2012, pursuant to the terms of that certain Purchase and Sale Agreement dated as of December 13, 2012, and of that certain First Amendment to Purchase and Sale Agreement dated as of December 27, 2012, by and among various parties, including Seller and Buyer, (ii) all judgments or awards obtained in connection with the Accounts, (iii) all causes of action, arising under, from, on or in connection with the Accounts against all individual holders of the Accounts and any other person or entity with any interest therein, and (iv) all proceeds of such Accounts received on or after the date the applicable computer file is created for delivery to Buyer.

Pursuant to the foregoing assignment, Seller stipulates that Buyer may be substituted for Seller as the valid owner of the Accounts and hereby waives any notice and hearing requirements imposed by, or right to object pursuant to, Bankruptcy Rule 3001 (e) (2) or otherwise. Seller further consents to the attachment of a copy of this Assignment to a Notice of Transfer of Claim filed by Buyer pursuant to said rule. A copy of this document shall have the same force and effect as the original.

Dated: December 31, 2012

Granite Recovery, LLC

By:  Granite Recovery MM, LLC, Managing Member

By: _____

Name:  RAMESH SINGH

Title:  MANAGER